LIPEZ, Circuit Judge
(concurring in the judgment).
I agree with my colleagues that the judgment below should be affirmed. I am persuaded that the state court was not unreasonable in its conclusion that the additional undisclosed evidence “would not have in any circumstance created a reasonable probability that the jury’s verdict would have been any different.” Mastracchio v. Moran, 698 A.2d 706, 715 (R.I.1997). As the majority opinion notes, Gilbert was already a “sullied witness” even without the undisclosed information, and “yet the jury nevertheless believed his account of the petitioner’s boasting.” I agree that it was not reasonably likely that the undisclosed information could have changed the minds of those who believed Gilbert’s testimony.
I write separately, however, because I disagree with the majority’s articulation of the reasonableness standard in 28 U.S.C. § 2254(d)(1). Specifically, I take issue with its adherence to the principle that, for a writ to issue, “the state court decision must be so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes.” O’Brien v. Dubois, 145 F.3d 16, 25 (1st Cir.1998). My concern here, similar to that voiced by Judge Lynch in her concurrence in Kibbe v. DuBois, 269 F.3d 26 (1st Cir.2001), is that this particular aspect of O’Brien is inconsistent with the reasonableness standard set forth in a subsequent Supreme Court decision, Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and has thus been overruled.
In Williams, the Supreme Court read § 2254(d)(1) to mean that a habeas writ does not “issue simply because [a federal] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.” 529 U.S. at 411, 120 S.Ct. 1495. The Williams Court rejected the standard advanced by the Fourth Circuit that a state court decision involves an “ ‘unreasonable application of ..clearly established Federal law’ only if the state court has applied federal law ‘in a manner that reasonable jurists would all agree is unreasonable.’ ” Id. at 409, 120 S.Ct. 1495 (quoting Green v. French, 143 F.3d 865, 870 (4th Cir.1998)). The Court explained that “[t]he federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation’s jurists has applied the relevant federal law in the same manner the state court did in .the habeas petitioner’s case.” Id. at 409-10, 120 S.Ct. 1495.
In Brown v. Maloney, 267 F.3d 36 (1st Cir.2001), a case that we decided subsequently to O’Brien without applying the O’Brien standard, the panel emphasized that the “unreasonable application” prong under § 2254(d)(1) “reduces to the question of whether the state court’s derivation of a case-specific rule from the Supreme *606 Court’s jurisprudence on the point appears to be objectively reasonable. The test is not so stringent as to require that all reasonable jurists agree the state court decision was unreasonable.” 267 F.3d at 40 (citing Williams, 529 U.S. at 409-10, 120 S.Ct. 1495). I am inclined to agree with this formulation. I do not believe that, read literally, the “outside the universe of plausible, credible outcomes” test of O’Brien is consistent with it.
Indeed, I must confess that I struggle to understand how the O’Brien standard actually works. For example, that standard could mean that if one court applied or could apply the relevant federal rule in the same manner as the state court decision under review, that state court decision would not be outside the universe of plausible, credible outcomes. If so, such a standard reduces the “unreasonable application” standard to the subjective inquiry rejected in Williams, and effectively requires that all reasonable jurists agree that the state court decision was unreasonable. Although I recognize the sea change in habeas review enacted by AEDPA, I do not understand that change to require an “unreasonable application” standard for § 2254(d)(1) that virtually insulates state court decisions from meaningful review.
Again, however, this exception to the majority’s opinion does not alter my view that the majority opinion reaches the correct result. For that reason, this concurrence is not an occasion to elaborate further on the exception that I note. Eventually, however, there will be a case where the formulation of the “unreasonable application” standard does make a difference and we will have to resolve this important issue.